UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24102-MC-HOEVELER

TRIANGULO PISOS E PAINEIS, LTDA.,

     Petitioner,

v.

BR-111 IMPORTS & EXPORTS, INC.,

     Respondent.

_____/

## ORDER GRANTING MOTION TO CONFIRM AND DENYING MOTION TO VACATE FINAL AWARD

This Cause comes before the Court upon the Petitioner's (Triangulo) Motion to Confirm Final Arbitral Award, and the Respondent's (BR-111) Motion to Vacate the Award. The Court heard argument from the parties on December 7, 2011, and has determined that the award shall be confirmed, for the reasons stated below.

According to a "Partner Agreement", dated February 23, 2006, the parties agreed to have all disputes "finally settled" under the Rules of Conciliation and Arbitration of the International Chamber of Commerce. See Docket No. 1-3, Section 10. At the conclusion of the arbitration hearing - which was held before a panel of the International Court of Arbitration - the parties confirmed that the tribunal had acted fairly and impartially, and that each party had a reasonable opportunity to present its case. See Final Award, ¶ 28.[1]

---

[1] The parties also had confirmed, on June 22, 2009, that the tribunal was "properly constituted in accordance with their agreement with full jurisdiction over this dispute." See Final Award, ¶¶ 12, 33.

The Final Award was entered September 27, 2010, concluding that BR-111 must pay Triangulo $1,005,405.08 for unpaid invoices, and $250,280.81 for interest on unpaid invoices (and also must pay $300,472.40 for Triangulo's attorneys' fees, in addition to 75% of the arbitration costs and arbitrators' fees). The panel also determined that Triangulo must pay BR-111 $42,596.15 for outstanding warranty claims and interest on those claims. The Final Award also determined that Triangulo is the rightful owner of the trademark Triangulo Engineered, and that BR-111 has no rights to use the mark.[2]

The parties do not agree on the precise statement of the principles governing challenges to arbitration awards, although they do agree that a presumption exists in favor of confirming such awards. BR-111 advocates reliance on the Federal Arbitration Act (FAA), which specifies four circumstances in which an arbitration award may be vacated. Under the FAA, this Court must confirm an award unless the statutory bases for vacating or modifying such an award have been established. 9 U.S.C. §§ 9, 10.[3] Triangulo correctly argues that the Inter-American Convention (Panama Convention) does not provide a mechanism for vacating an award (and instead only references that a court can be asked to refuse to recognize or enforce an

---

[2]The Motion to Strike Notice of Filing Supplemental Authority (and alternative motion for leave to file a response) is DENIED. The Court has not relied upon the provided supplemental authority (relating to actions by the United States Patent and Trademark Office) in determining whether to confirm the arbitration award.

[3]The claim by BR-111 that the award was "arbitrary or capricious" relies on a non-statutory ground which is an insufficient basis for challenge. Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313 (11th Cir. 2010).

award).[4]  Under the Inter-American Convention, an award can be challenged only on the grounds specified in the Convention (which is enforceable in United States Courts pursuant to 9 U.S.C. § 301).

Even if the Court applies the standards of the FAA to the dispute between these parties, BR-111's suggestion that the arbitrators were guilty of misconduct in refusing to hear pertinent evidence is not supported by the record.  The burden of proof rests with the party resisting enforcement of an arbitration award, and BR-111 has failed to support its position before this Court.  The main argument offered by BR-111 is that the arbitration panel relied on a post-hearing submission by Triangulo, and denied BR-111's request to file additional materials in response to that submission or to be heard as to that submission by Triangulo.  (Specifically, BR-111 claims that it was denied due process in the arbitration proceeding, and that such denial of due process demonstrates that the award is contrary to public policy.)

It is clear, however, that the post-hearing submission by Triangulo was in response to claims made by BR-111 (for warranty-related reimbursement from Triangulo for allegedly defective product provided by Triangulo) during the arbitration proceedings.  Moreover, the arbitration panel noted in the Final Award that both parties had responded to the panel's post-hearing questions by communication dated March 12, 2010.  See Final Award, ¶30.  Moreover, according to an electronic communication sent on behalf of the panel, the panel did consider

---

[4]BR-111 acknowledges that the Inter-American Convention does not include a provision for vacatur.

letters dated March 31 and April 5 from BR-111's counsel, and a letter dated April 9 from Triangulo's counsel. "Triangulo's objections concern issues raised and evidence presented during, or prior to, the final hearing. No new evidence is presented and no new issues raised." See Docket No. 6-3 (communication from Nigel Blackaby dated April 13, 2010). BR-111 complains that when the arbitration panel considered Triangulo's response to BR-111's demand without allowing BR-111 another opportunity to support its claims, it engaged in misconduct. However, the panel stated that Triangulo's response only concerned issues and evidence already presented prior to the final hearing. Indeed, BR-111 presumably presented full support during the arbitration process as to each of the warranty claims it advanced.

Simply stated, BR-111 has failed to demonstrate any basis for vacating the Final Award and, as such, its motion to vacate the award must fail. Triangulo's motion to confirm the award shall be granted. It is, thus,

ORDERED AND ADJUDGED that the motion to confirm be GRANTED, and the motion to vacate be DENIED.[5]

DONE AND ORDERED in Chambers in Miami this 5ᵀᴴ day of January 2012.

_____

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
    counsel of record

---

[5]The Motion for Leave to File a Late Reply Brief is GRANTED, *nunc pro tunc.*

4